United States Bankruptcy Court for the:

**District of Delaware**

Case number (if known) _____ Chapter __11__

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | J.G. Wentworth, LLC |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 90-0542773 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1200 Morris Drive, Suite 300, Chesterbrook, PA 19087 | 160 Greentree Drive, Suite 101, Dover, DE 19904 |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Chester | Location of principal assets, if different from principal place of business |
| County | |
| | Number, Street, City, State & ZIP Code |

5. Debtor's website (URL) _____

6. Type of debtor

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor   J.G. Wentworth, LLC                                             Case number (*if known*)
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   5259

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☒ A plan is being filed with this petition.

  ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No.
☐ Yes.

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor   See Attachment A to Voluntary Petition          Relationship _____
District _____ When _____  Case number, if known _____

Debtor   J.G. Wentworth, LLC                              Case number (*if known*)
      Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
    Number, Street, City, State & ZIP Code

Is the property insured?

☐ No

☐ Yes. Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors** (Consolidated with all Debtors)

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets** (Consolidated with all Debtors)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities** (Consolidated with all Debtors)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Case 17-12917-KG    Doc 1    Filed 12/12/17    Page 4 of 18

Debtor  **J.G. Wentworth, LLC**
Name

Case number (*if known*) _____

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/12/2017
MM / DD / YYYY

X _____
Signature of authorized representative of debtor

**Stewart A. Stockdale**
Printed name

Title   **Chief Executive Officer**

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date  12/12/2017
MM / DD / YYYY

**Edmon L. Morton**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square
1000 N. King Street
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 571-6600**   Email address  **emorton@ycst.com**

**3856**
Bar number and State

**ATTACHMENT A TO VOLUNTARY PETITION**

Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, will file or have filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

1. Orchard Acquisition Company, LLC (20-5694753)
2. The J.G. Wentworth Company, LLC (45-2961295)
3. The J.G. Wentworth Company (46-3037859)
4. J.G. Wentworth, LLC (90-0542773)
5. JGW Holdings, Inc. (20-3124569)

| Debtor name | J.G. Wentworth, LLC |
|---|---|
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/12/2017         X _____
                                Signature of individual signing on behalf of debtor

**Stewart A. Stockdale**
Printed name

**Chief Executive Officer**
Position or relationship to debtor

| Fill in this information to identify the case: |
|---|
| Debtor Name  Orchard Acquisition Company, LLC, et al. |
| United States Bankruptcy Court for the: _____  District of  Delaware  (State) |
| Case number (If known): _____ |

☐ Check if this is an amended filing

## Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims on a Consolidated Basis and Are Not Insiders        12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Candlewood Special Situations Fund LP 777 Third Avenue, Suite 19B, New York, NY 10017 | Attn: Justin Wohler Telephone: 212-493-4495 Email: Justin.wohler@candlewoodgroup.com | Contract claim | | | | | $17,943,632 |
| 2 | The Royal Bank of Scotland Plc 600 Washington Blvd. Stamford, CT 06901 | Attn: Matthew Rosencrans Telephone: 203 897 2644 Email: Matthew.Rosencrans@rbs.com | Contract claim | | | | | $9,4234,927 |

Debtor   Orchard Acquisition Company, LLC, *et al.*　　　　　　　　Case number *(if known)* _____
　　　　　Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 3 | Randi Sellari<br>210 East Laurier Pl<br>Bryn Mawr, PA 19010" | Randi Sellari<br>Telephone: 215-880-0283<br>Email: rsellar1@me.com;<br>rsellari@outlook.com | Contract claim | | | | $6,752,908 |
| 4 | David Miller<br>1451 Brandywine Lane<br>Wayne PA 19087 | David Miller<br>Telephone: 610-213-3188<br>Email: david@chesterbrookfinancial.com | Contract claim | | | | $6,620,025 |
| 5 | R3 Capital Partners Master, L.P c/o Blackrock Financial Mgmt., Inc.<br>c/o Blackrock Financial Mgmt., Inc.<br>87 Mary Street<br>Cayman Islands<br>George Town<br>Grand Cayman KY1-9001 | Attn: Nina Zhuravskiy<br>c/o Blackrock Financial Mgmt., Inc.<br>Telephone: 212-810-5300<br>Email: Nina.Zhuravskiy@blackrock.com | Contract claim | | | | $4,223,024 |

Debtor  Orchard Acquisition Company, LLC, *et al.*    Case number *(if known)* _____
      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | DLJ Merchant Banking Funding, Inc. Eleven Madison Ave. 8th Floor New York, NY 10010 | Attn: Scott Mahoney Telephone: 212-325-2000 Email: Scott.Mahoney@credit-suisse.com | Contract claim | | | | $3,964,458 |
| 7 | Stefano Sola 1132 Youngsford Road Gladwyne, PA 19035" | Stefano Sola Telephone: 215-359-4120 Email: Stefano.Sola@gmail.com | Contract claim | | | | $2,474,023 |
| 8 | West, a Thomson Reuters business 610 Opperman Drive, P.O. Box 64833 St. Paul, Minnesota 55164-1803 | Telephone: 800-328-4880 | Contract Counterparty | | | | $77,239.17 |
| 9 | IWCO Direct Holdings Inc. 7951 Powers Boulevard Chanhassen, MN 55317-9502 v | Attn: Jeanne Bearson Telephone: 952-380-4242 Email: jeanne.bearson@iwco.com | Contract Counterparty | | | | $55,037.83 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 3

Debtor    Orchard Acquisition Company, LLC, *et al.*    Case number *(if known)*
       Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | Workiva Inc. 2900 University Blvd Ames, IA 50010 | Attn: Accounting Department Telephone: 515-817-6109 Email: accounting@workiva.com | Contract Counterparty | | | | $39,966.22 |
| 11 | Insight Global, LLC 4170 Ashford Dunwoody Road Suite 250 Atlanta, GA 30319 | Attn: Nick Schroeder Telephone: 404-257-7900 Email: nick.schroeder@insightglobal.com | Contract Counterparty | | | | $32,805.17 |
| 12 | Fidelity Information Services, LLC 601 Riverside Avenue Jacksonville, FL 32204 | Telephone: 954-851-0700 | Contract Counterparty | | | | $27,204.74 |
| 13 | Metabank (d/b/a Meta Payments Systems) 4900 S. Western Ave. P.O. Box 520 Sioux Falls, SD 57108 | Telephone: 605-275-9555 | Contract Counterparty | | | | $18,595.07 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 4

Debtor   Orchard Acquisition Company, LLC, *et al.*            Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 Scientific Games International, Inc. 1500 Bluegrass Lakes Parkway Alpharetta, GA 30004 | Email: tracey.farris@scapromo.com | Contract Counterparty | | | | $10,000.00 |
| 15 Wilmer Cutler Pickering Hale & Dorr LLP 30 State Street Boston, MA 02109 | Attn: Benjamin Neaderland Telephone: 202-247-2332 Email: benjamin.neaderland@wilmerhale.com | Contract Counterparty | | | | $9,305.40 |
| 16 Holland & Knight LLP 31 West 52nd Street 12th Floor New York, NY 10019 | Attn: Christine Walker Telephone: 813-739-0723 Email christine.walker@hklaw.com | Contract Counterparty | | | | $2,659.24 |
| 17 PNC Bank, N.A. Global Trade Service Group 2 Tower Center Boulevard | Attn: Daniel Takoushian PNC Bank, N.A. Telephone: 610-725-5754 Email: daniel.takoushian@pnc.com | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |

Official Form 204     **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**     page 5

Debtor  Orchard Acquisition Company, LLC, *et al.*　　　　　　Case number *(if known)* _____
　　　　　Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 Barclays Bank PLC<br>745 Seventh Ave, 5th Floor<br>New York, New York 10019<br>Attention Emile Ernandez | Attn: Emile Ernandez<br>Telephone: 610-725-5754<br>Email: emile.ernandez@barclays.com | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |
| 19 Texas Capital Bank, National Association<br>2000 McKinney Avenue, Suite 700<br>Dallas, TX 75201 | Attn: Gary Ort<br>Facsimile: (214) 932-6806<br>Email: gary.ort@texascapitalbank.com | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |
| 20 Salisbury Receivables Company LLC<br>c/o Barclays Bank PLC<br>Attn: Chin-Yong Choe<br>745 Seventh Avenue, 5th Floor<br>New York, NY 10019 | c/o Barclays Bank PLC<br>Attn: Chin-Yong Choe<br>Telephone: 610-725-5754<br>Fax: 646-758-1057<br>Email: emile.ernandez@barclays.com | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
In re:                                               :
                                                     : Chapter 11
                                                     :
ORCHARD ACQUISITION COMPANY, LLC, et                 : Case No. 17-_____ (___)
al.,                                                 :
                                                     : Joint Administration Requested
             Debtors.[1]                             :
-------------------------------------------------------x

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state as follows:

1. The following is a list of all corporations, other than governmental units, that directly or indirectly own 10% or more of any class of interests in The J.G. Wentworth Company:

| Shareholder | Address of Shareholder | Approximate Percentage of Shares Held |
|---|---|---|
| Cede & Co. | 55 Water Street, New York, NY 10041 | 59.7% |
| JGW Holdco, LLC | 245 Park Avenue, Suite 1601 New York, NY 10167 | 33.6% |

2. The Debtor listed below is 100% owned by The J.G. Wentworth Company:

- JGW Holdings, Inc.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Orchard Acquisition Company, LLC (4753); The J.G. Wentworth Company, LLC (1295); The J.G. Wentworth Company (7859); J.G. Wentworth, LLC (2773); and JGW Holdings, Inc. (4569). The Debtors' address is 1200 Morris Drive, Suite 300, Chesterbrook, PA 19087.

3. The following is a list of all corporations, other than governmental units, that directly or indirectly own 10% or more of any class of interests in The J.G. Wentworth Company, LLC:

| Shareholder | Address of Shareholder | Approximate Percentage of Shares Held |
|---|---|---|
| The J.G. Wentworth Company | 1200 Morris Drive, Suite 300 Chesterbrook, PA 19087 | 40.0% |
| JGW Holdco, LLC | 245 Park Avenue, Suite 1601 New York, NY 10167 | 29.2% |
| PGHI Corp. | 5805 State Bridge Road, Suite G-450, Duluth, GA 30097 | 15.1% |
| JGW Holdings, Inc. | 1200 Morris Drive, Suite 300 Chesterbrook, PA 19087 | 15.9% |

4. The Debtor listed below is 100% owned by The J.G. Wentworth Company, LLC:

- J.G. Wentworth, LLC.

5. The Debtor listed below is 100% owned by J.G. Wentworth, LLC:

- Orchard Acquisition Company, LLC

**WRITTEN CONSENT
OF THE MANAGERS OF
J.G. WENTWORTH, LLC**

The undersigned, being all of the Managers (the "**Managers**") of J.G. Wentworth, LLC, a Delaware limited liability company (the "**Company**"), hereby adopt the following resolutions of the Company pursuant to the Delaware Limited Liability Company Act and the Sixth Amended and Restated Limited Liability Company Agreement of the Company, dated as of July 12, 2011, without a meeting of the Managers and direct that this Written Consent of the Managers be filed with the minutes of the respective proceedings of the Managers of the Company:

**WHEREAS**, the Managers have reviewed and have had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business; and

**WHEREAS**, the Managers have had the opportunity to consult with management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Managers previously approved the form, terms and provisions of, and the execution, delivery, and performance of, and, on November 9, 2017, the Company, The J.G. Wentworth Company ("**PubCo**"), and the following direct and indirect subsidiaries of PubCo: (i) JGW Holdings, Inc.; (ii) The J.G. Wentworth Company, LLC (the "**J.G. LLC**"); and (iii) Orchard Acquisition Company, LLC ("**Orchard**," collectively, with PubCo and the Company, the "**Debtors**"), entered into, a restructuring support agreement (the "**Restructuring Support Agreement**") with (i) certain lenders holding over eighty-seven percent (87%) of the aggregate principal amount of term loans outstanding under that certain Credit Agreement, dated as of February 8, 2013 (the "**Existing Credit Agreement**", and the lenders thereunder, the "**Term Lenders**"), by and among Orchard Acquisition Company, LLC, as Parent Borrower, and certain of its affiliates, Jefferies Finance LLC, as administrative agent and collateral agent (the "**TL Agent**"), the lenders from time to time party thereto, and Jefferies Group, Inc., as Swing Line Lender and an LC Issuer (as each is defined in the Existing Credit Agreement), (ii) the TL Agent, as lead arranger and bookrunner, and (iii) certain members of the J.G. LLC; and

**WHEREAS,** on December 1, 2017, pursuant to the terms of the Restructuring Support Agreement, the Debtors commenced the solicitation of votes from, among others, the Term Lenders (the "**Solicitation**") to obtain acceptances of the Joint Pre-Packaged Plan of Reorganization of Orchard Acquisition Company, LLC and its Debtor Affiliates, dated December 1, 2017 (as may be amended, restated, supplemented, or otherwise modified from time to time, the "**Plan**"); and

**WHEREAS**, pursuant to the Solicitation, the Debtors have received the requisite votes in favor of the Plan from the Term Lenders sufficient to satisfy the requirements of section 1126(c) of Title 11 of the United States Code (the "**Bankruptcy Code**"), as well as receipt of certain other third-party approvals; and

**WHEREAS**, in furtherance of the Plan, the Managers desire to approve the following resolutions:

**NOW, THEREFORE, BE IT HEREBY**

I. <u>Commencement of Chapter 11 Case</u>

**RESOLVED**, that the Managers have determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and be it further

**RESOLVED**, that any of the Managers or officer of the Company or PubCo, including, without limitation, Chief Executive Officer, Stewart A. Stockdale, and Executive Vice President and Chief Legal and Compliance Officer, Stephen A. Kirkwood (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**," and collectively with the chapter 11 cases of the other Debtors, the "**Chapter 11 Cases**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Case; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, as part of the adequate protection to be provided to the lenders and administrative agent under the Existing Credit Agreement, to grant replacement security interests in, and replacement liens on, any and all property of the Company as collateral pursuant to the Bankruptcy Court's orders to secure all of the obligations and liabilities of the Company thereunder, and to authorize, execute, verify, file and/or deliver to the administrative agent, on behalf of the Company, all agreements, documents and instruments required by the lenders or the administrative agent under the Existing Credit Agreement in connection with the foregoing, and be it further

II. <u>Retention of Advisors</u>

**RESOLVED**, that the firm of Evercore Group L.L.C. located at 55 East 52nd Street New York, New York 10055, is hereby retained as investment banker for the Debtors in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Simpson Thacher & Bartlett, LLP, located at 425 Lexington Avenue, New York, New York 10017, is hereby retained as attorneys for the Debtors in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP, located at Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, is hereby retained as attorneys for the Debtors in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Ankura Consulting Group, LLC, located at 750 3rd Avenue, New York, New York 10017, is hereby retained as transaction advisor for the Debtors in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Prime Clerk LLC, located at 830 3rd Avenue, 9th Floor, New York, New York 10022, is hereby retained as noticing and claims agent and administrative advisor for the Debtors in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of KPMG LLP, located at 1601 Market Street, Philadelphia, PA 19103-2499, is hereby retained as tax consultant and restructuring advisor for the Debtors in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Ernst & Young LLP, located at 200 Clarendon Street, Boston, MA 02116, is hereby retained as auditor for the Debtors in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

### III. Approval of Actions of Non-Debtor Affiliates

**RESOLVED**, that in the judgment of the Managers, it is desirable and in the best interests of certain of the non-Debtor affiliates of the Debtors (collectively, the "**Non-Debtor Affiliates**") to take any and all action and to execute and deliver all documents, agreements and filings as are necessary, proper, or desirable to enable the Non-Debtor Affiliates to support the successful prosecution of the Chapter 11 Cases and the confirmation and consummation of the Plan, including granting any director, officer, or other authorized representative as applicable according to local law, the authority to take action in support thereof; and be it further

### IV. General

**RESOLVED,** that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any actions taken by any Authorized Officer, for or on behalf of the Company, prior to the date hereof that would have been authorized by these resolutions

but for the fact that such actions were taken prior to the date hereof be, and they hereby are, authorized, adopted, approved, confirmed and ratified in all respects as the actions and deeds of the Company.

IN WITNESS WHEREOF, each of the undersigned has executed this Written Consent of the Managers as of December 12, 2017.

Managers:

*/s/ Stewart A. Stockdale*
Stewart A. Stockdale

*/s/ Alexander R. Castaldi*
Alexander R. Castaldi

*/s/ Francisco J. Rodriguez*
Francisco J. Rodriguez